IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03132-CR-S-MDH |
| | ) | |
| DERRICK L. HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Amended Motion for Possession of Discovery by Defendant. (Doc. 40.) Defendant requests permission to possess discovery in his cell at the Greene County Jail, stating that he is the "only Defendant in this case" and that "there are no other co-defendants whose safety could be at issue with his possession of discovery." The Government filed its Response in Opposition, stating that the Motion is "overly broad, all discovery materials are in the defense counsel's possession, and defense counsel has signed an agreement not to copy or otherwise disseminate discovery information." (Doc. 43.) The Government notes that it "has complied with all discovery obligations set forth in Rule 16" and that the discovery materials contain sensitive investigative information, such as confidential source information, law enforcement identification, and surveillance related to Defendant's actions in conspiring with uncharged persons to distribute heroin and possession firearms in furtherance of his heroin distribution. *Id.* at 3. Such information, the Government contends "requires a controlled environment to protect all involved and ongoing investigations." *Id.*

The Court has wide discretion to regulate discovery in a criminal matter. *See United States*

*v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) ("Discovery matters are committed to the sound discretion of the court[.]"). Under Federal Rules of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Notably, Rule 16 does not require that a defendant be permitted to physically possess discovery in his jail cell.

Here, although Defendant may not be able to physically possess the discovery in his jail cell based on the Court's ruling, Defendant is able review discovery with his attorney. When evaluating the danger of sensitive discovery materials concerning informants, law enforcement, and witnesses being disseminated or floating about the detention facility, even incidentally, the Court finds a limitation against physical possession of discovery by Defendant in his cell to be appropriate in this case. Accordingly, for the reasons set forth in the Government's Response, Defendant's Amended Motion for Possession of Discovery by Defendant (doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 30, 2021